*Boughton*, 239 AD2d 935, 935 [1997]) and, contrary to defendant's contention, we perceive no abuse of discretion with respect to the award of maintenance. The record establishes that Supreme Court properly considered the factors set forth in Domestic Relations Law § 236 (B) (6) (a) in fashioning a maintenance award that "reflects an appropriate balancing of plaintiff's needs and defendant's ability to pay" (*Torgersen v Torgersen*, 188 AD2d 1023, 1024 [1992], *lv denied* 81 NY2d 709 [1993]). We further conclude that the court did not abuse its discretion in awarding plaintiff a share of defendant's 401(k) retirement account in accordance with the *Majauskas* formula in light of, inter alia, the extensive commingling of assets and liabilities during the marriage and defendant's wasteful dissipation of both marital property and plaintiff's separate property (*see generally Berge v Berge*, 159 AD2d 960 [1990]). Present— Hurlbutt, J.P., Martoche, Fahey and Gorski, JJ.

 ROCKY POINT PROPERTIES, INC., Appellant, v THE SEAR-BROWN GROUP, INC., et al., Respondents, et al., Defendant. [869 NYS2d 837]

Present—Hurlbutt, J.P., Martoche, Fahey and Gorski, JJ.

 RAMONA WALLACE, as Administratrix of the Estate of HOWARD L. WALLACE, II, Deceased, Respondent, v KEVIN ADKINS et al., Defendants, and STEVEN LEE BURRESS, Doing Business as SLB ENTERPRISES, Appellant. [869 NYS2d 847]

Present—Hurlbutt, J.P., Martoche, Fahey and Gorski, JJ.

 PAMELA SISSON et al., Appellants, v JAMES W. ALEXANDER, M.D., Respondent. (Appeal No. 1.) [869 NYS2d 836]

Present—Hurlbutt, J.P., Martoche, Fahey and Gorski, JJ.

PAMELA SISSON et al., Appellants, v JAMES W. ALEXANDER, M.D., Respondent. (Appeal No. 2.) [871 NYS2d 527]—

Memorandum: Plaintiffs commenced this medical malpractice action seeking damages for injuries sustained by Pamela Sisson (plaintiff) during an endometrial resection surgery performed by defendant. The evidence presented at trial established that, during the surgery, defendant observed bleeding in the area of the cervix that is adjacent to the uterus. Defendant engaged in various efforts to eliminate the bleeding and, after determining that it had stopped, he released plaintiff to a recovery room. A CT scan performed shortly thereafter indicated that plaintiff had a large retroperitoneal bleed. Complications from the hematoma that formed in plaintiff's retroperitoneal cavity as a result of the bleed later required plaintiff to undergo a hysterectomy, and she experienced other medical difficulties as well. At the close of proof, the jury returned a verdict finding that defendant was not negligent in his care and treatment of plaintiff and that defendant did not deviate from accepted practice.

Plaintiffs contend that Supreme Court erred in denying their motion to set aside the verdict in favor of defendant as against